# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEANOR THOMAS,<br>Plaintiff, | CIVIL ACTION<br><br>NO. 17-4989 |
| FAMILY DOLLAR STORES OF<br>PENNSYLVANIA, LLC, | |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, FAMILY DOLLAR STORES OF PENNSYLVANIA, LLC

Defendant, Family Dollar Stores of Pennsylvania, LLC (hereinafter referred to as "Family Dollar") moves for summary judgment on all counts of Plaintiff's Complaint, and in support thereof, avers as follows:

1. Plaintiff, Eleanor Thomas, filed the instant personal injury action on September 19, 2017, seeking damages arising out of an alleged slip and fall incident that purportedly occurred at a Family Dollar store on June 27, 2016. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. This lawsuit was originally filed in the Court of Common Pleas of Philadelphia County. On November 6, 2017, Defendant removed this matter to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332 and 1446.

3. Plaintiff alleges that on June 27, 2016, she slipped and fell on a "thick yellow" liquid substance located on the floor of the aforesaid Family Dollar store, sustaining injuries. *See* Exhibit A, ¶4; *see also* Deposition Testimony of Eleanor Thomas, dated March 15, 2018 the pertinent portions of which are attached hereto as Exhibit "B", at N.T. 30:24-31:4.

4. Plaintiff testified at her deposition that she went to Family Dollar on the date of the

alleged incident to purchase laundry and dish detergent. *See* Exhibit "B", at N.T. 29:6-12.

5. Ms. Thomas testified that she first entered the Family Dollar store, intending to head towards the detergent aisle. She walked all the way down an aisle on the left side of the store, made a right, and proceeded up the detergent aisle. *See* Exhibit B, N.T. 32:17-33:8. After turning left around a corner and exiting the detergent aisle, she encountered a "thick yellow substance" on the floor, next to a broken glass bottle, which she subsequently slipped and fell on. *See* Exhibit B, N.T. 30:24-31:4, 32:17-33:8.

6. Although Ms. Thomas indicated the presence of boxes at the *end* of the detergent aisle, she did not recall there being anything in front of the yellow substance that prevented her from seeing it at the time of the alleged accident. *See* Exhibit B, at N.T. 38:12-24.

7. Likewise, she did not recall anything obstructing or blocking her view of the substance prior to encountering it. *See id*.

8. Significantly however, Ms. Thomas admitted that as she approached the substance on the floor, she was "reading the detergents" and then "walking off", looking straight ahead, rather than looking down at where she was walking. *See* Exhibit "B," N.T. 33:14-17.

9. As she exited the detergent aisle, she was continuing to look "straight ahead", rather than down towards where she was walking. *See* Exhibit "B," N.T. 33:21-24.

10. Despite alleging that the substance was thick and yellow, and acknowledging that there was nothing obstructing her view of the yellow substance, Ms. Thomas claims she did not see it prior to stepping in it. *See* Exhibit B, N.T. 33:9-13.

11. Looking to the evidence of record in this matter, including plaintiff's own sworn testimony, plaintiff has failed to meet her burden of proof in establishing a critical and necessary element of her negligence action against Family Dollar – namely, that Family Dollar had a duty to warn of the open and obvious condition on which she allegedly fell.

12. Indeed, based on the plaintiff's own description of the thick yellow substance, and her testimony concerning the lack of obstructions or problems with seeing the general area of the alleged incident, there can be no dispute that this was an open and obvious condition.

13. As is discussed in greater detail in the accompanying Memorandum of Law, which is incorporated herein by reference, summary judgment is appropriate when there is, "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

14. A court must determine, not the truth of the matter, but rather whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). To prevail in this premises liability action under Pennsylvania law, a plaintiff must prove that "the dangerous condition [on the] premises causing the fall resulted from [defendant's] negligence." *Martino v. Great Atlantic & Pacific Tea Co.*, 419 Pa. 229, 233, 213 A.2d 608, 610 (1965).

15. Under Pennsylvania law, a possessor of land is not liable to a business invitee, such as plaintiff, Eleanor Thomas, due to any activity or condition on the land, where the danger posed is known or obvious to the invitee, and the possessor should not have anticipated the alleged harm despite such knowledge or obviousness. *See Cresswell v. End*, 831 A.2d 673 (Pa. Super. Ct. 2003);

*see also Hughes v. Seven Springs Farm, Inc.*, 762 A.2d 339 (Pa. 2000) (a possessor of land owes an invitee no duty to protect against obvious and avoidable dangers).

16. As discussed above and in further detail in the accompanying Memorandum of Law, Family Dollar had no duty to warn plaintiff of an open and obvious condition; therefore, Family Dollar is entitled to summary judgment as a matter of law.

17. Therefore, there are no genuine issues of material fact regarding the necessary elements of the plaintiff's cause of action, and summary judgment should be entered in favor of defendant and against the plaintiff as a matter of law.

WHEREFORE, Defendant, Family Dollar Stores of Pennsylvania, LLC, respectfully requests that this Honorable Court grant summary judgment in its favor as a matter of law and enter judgment in favor of said defendant and against the plaintiff.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: */s/ Nicole Lengel*
   _____
   **NICOLE LENGEL, ESQUIRE**
   **KEVIN M. BLAKE, ESQUIRE**
   1601 Market Street, 16th Floor
   Philadelphia, PA 19103
   (215) 561-4300
   (215) 561-6661 (fax)
   Email: lengel@bbs-law.com
   Email: blake@bbs-law.com
   Attorneys for Defendant,
   Family Dollar Stores of Pennsylvania, LLC

Date: September 4, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEANOR THOMAS,<br>Plaintiff,<br><br><br>FAMILY DOLLAR STORES OF<br>PENNSYLVANIA, LLC, | CIVIL ACTION<br>NO. 17-4989 |

## CERTIFICATE OF SERVICE

I, Nicole Lengel Esquire, do hereby certify that a true and correct copy of the within Defendant's Motion for Summary Judgment, was caused to be served upon counsel below named by means of the court's ECF system, and/or by first class mail, postage-prepaid, on or about the below-listed date.

Marc A. Greenfield, Esquire
Alexander Kipperman, Esquire
Spear, Greenfield, Richman & Weitz, P.C.
Two Penn Center Plaza, Suite 200
1500 JFK Boulevard
Philadelphia, PA 19102

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:   */s/ Nicole Lengel*

**NICOLE LENGEL, ESQUIRE**
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
(215) 561-6661 (fax)
Email: lengel@bbs-law.com
Attorney for Defendant,
Family Dollar Stores of Pennsylvania, LLC

Date: September 4, 2018