## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ELEANOR THOMAS, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 17-4989 |
|  | : |  |
| FAMILY DOLLAR STORES OF | : |  |
| PENNSYLVANIA, LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                    **NOVEMBER 19, 2018**

Plaintiff, Eleanor Thomas ("Thomas"), initially filed this personal injury suit in the
Philadelphia County Court of Common Pleas against Defendant, Family Dollar Stores of
Pennsylvania, LLC ("Family Dollar"), on September 18, 2017. (Notice of Removal ¶ 2.) On
November 6, 2017, Family Dollar, a limited liability company owned exclusively by Family
Dollar Stores, Inc., a corporation organized under the laws of the State of Delaware with its
principal place of business in the Commonwealth of Virginia, removed this action to this Court
pursuant to 28 U.S.C. § 1332(c)(1). (*Id.* ¶¶ 3, 6.)

Presently before the Court is Family Dollar's Motion for Summary Judgment (Doc. No.
15) and Thomas' Response to Defendant's Motion for Summary Judgment (Doc. No. 16). For
the reasons noted below, Family Dollar's Motion is granted.

## I.     BACKGROUND

On June 27, 2016, Thomas went to a Family Dollar retail store, located at or near 5716
Baltimore Avenue, Philadelphia, PA, to purchase laundry and dish detergent. (Def.'s Mot.

Summ. J. ¶¶ 3–4; Pl.'s Resp. to Mot. ¶¶ 3–5.)  She walked down an aisle on the left side of the store, made a right turn, and proceeded up the detergent aisle.  (Def.'s Mot. Summ. J. ¶ 5; Pl.'s Resp. to Mot. ¶¶ 3–5.)  While walking through the store, Thomas admitted that she was "looking at [Family Dollar's] shelves rather than at her feet," as she needed to find and select the detergent she needed.  (Pl.'s Resp. to Mot. ¶¶ 6–10.)  As she rounded the corner of the aisle, Thomas encountered a "thick, yellow substance" on the floor, next to a broken glass bottle.  Thomas subsequently slipped and fell on the substance.  (Def.'s Mot. Summ. J. ¶ 5; Pl.'s Resp. to Mot. ¶¶ 3–5.)  She also stated that although there were boxes located at the end of the detergent aisle, "she did not recall there being anything in front of" the thick, yellow substance that had prevented her from seeing it at the time of the alleged incident.  (Def.'s Mot. Summ. J. ¶ 6 (citing Ex. B, Deposition of Eleanor V. Thomas ("Thomas Dep."), 38:20–24).)

As a result of her fall, Thomas alleges that she suffered "serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions."  (Compl. ¶ 8.)  Thomas' injuries include "cervical sprains and strains, multi-level cervical disc herniations, multi-level lumbar disc bulges, left C6-7 radiculopathy, posttraumatic cephalgia," and other injuries.  (*Id.*)

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(a) states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and

identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" *Compton v. Nat'l League of Prof'l Baseball Clubs*, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998) (quoting *Liberty Lobby*, 477 U.S. at 255).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362–63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. *Tziatzios v. United States*, 164 F.R.D. 410, 411–12 (E.D. Pa. 1996). If the court determines there are no genuine disputes of material fact, then summary judgment will be granted. *Celotex*, 477 U.S. at 322.

## III.   DISCUSSION

Thomas' personal injury claim arises from a "slip and fall" incident at Family Dollar on June 27, 2016. (Compl. ¶ 4.) In order to prevail on a claim of negligence, a plaintiff must establish: "(1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff."

*Farabaugh v. Pa. Turnpike Comm'n*, 911 A.2d 1264, 1272–73 (Pa. 2006) (citing *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005)).

Thomas asserts that Family Dollar was negligent by breaching its duty of care to keep its premises clear of a "thick, yellow substance." (Pl.'s Mem. Law in Opp'n 7–8.) Family Dollar, on the other hand, contends that the substance constituted an "open and obvious condition" of which it owed Thomas no duty of care. (Def.'s Mem. Law Supp. Mot. to Dismiss 4.) For the following reasons, we find Thomas cannot establish that Family Dollar owed her a duty of care or that Family Dollar breached such a duty.

### A. Family Dollar Owed No Duty of Care to Thomas Because the <u>"Thick, Yellow Substance" was an Open and Obvious Condition</u>

It is uncontested that Thomas was a business invitee at the time of the incident. (*Id.*) "A business invitee is a 'person who is invited to enter or remain on land for a purpose directly or indirectly connected with the business dealings with the possessor of the land.'" *King v. RockTenn CP, LLC*, No. 13-6663, 2015 WL 2215533, at *3 (E.D. Pa. May 8, 2015) (Kelly, J.) (quoting *Charlie v. Erie Ins. Exch.*, 100 A.3d 24, 253 (Pa. Super. Ct. 2014)). "As a general rule, a possessor of land owes a duty to an invitee to protect him or her from foreseeable harm." *Id.* (citing *Carrender v. Fitterer*, 469 A.2d 120 (Pa. 1983)). However, Pennsylvania courts limit this duty of care as described in the Restatement (Second) of Torts, § 343. *See Ferencz v. Milie*, 535 A.2d 59, 64 (Pa. 1987).

> A landowner owes a duty to protect invitees from the condition of its premises only if it:
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) failed to exercise reasonable care to protect them against danger.

4

*Id.* (citing Restatement (Second) of Torts, § 343).

"Thus . . . '[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Carrender*, 469 A.2d at 123 (second alteration in original) (quoting Restatement of Torts, § 343A). According to the Restatement, a danger is "known" when it is "not only . . . known to exist, but . . . also . . . recognized [to be] dangerous and the probability and gravity of the threatened harm [is] appreciated." *Id.* at 123–24 (second alteration in original) (quoting Restatement of Torts, § 343A). Likewise, a danger is "obvious" when "both the condition and the risk are apparent to and would be recognized by a *reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment*." *Id.* (emphasis added).

Thomas argues that Family Dollar is liable for the injury caused by the hazardous condition because the presence of the thick, yellow substance was not known to her at the time of the incident. (Pl.'s Mem. Law in Opp'n 11.) Despite stating that there were no visual obstructions surrounding the liquid that concealed it from view, Thomas argues that she was focused instead on the products displayed on the shelves as she was shopping. (*Id.* ("Plaintiff's attention was focused on the products she intended to purchase from Defendant, not on the floor. Plaintiff, therefore, did not see the spilled yellow substance until the time of her fall."); *see also* Thomas Dep., 38:20–24.) Thomas attempts to argue that this is considered reasonable conduct by a customer by stating that businesses "should not be expecting their customers to be looking at the ground as they shop, and [a business] would not want them to!" (Pl.'s Mem. Law in Opp'n 7.) That "[i]n order for [a business] to be profitable, it has to sell the items *on its shelves*." (*Id.* (emphasis in original).)

However, this argument is unavailing. "It is hornbook law in Pennsylvania that a person must look where he is going." *Graham v. Moran Foods, Inc.*, No. 11-239, 2012 WL 1808952, at *4 (E.D. Pa. May 18, 2012) (quoting *Villano v. Sec. Sav. Ass'n*, 407 A.2d 440, 441 (Pa. Super. Ct. 1979)) (rejecting argument that business invitee was distracted from hazardous condition because of in-store sale signs). "[J]ust as drivers are not relieved of responsibility for accidents if they are distracted by billboards, customers are not relieved of the responsibility of watching for obstacles while they walk, even if they are distracted by sales displays." *Id.* (quoting *Campisi v. Acme Mkts., Inc.*, 915 A.2d 117, 121 (Pa. 2006)).

Both Pennsylvania courts and federal courts applying Pennsylvania law have outright rejected the argument Thomas makes here. In *Graham*, the United States District Court for the Eastern District of Pennsylvania rejected the argument that the plaintiff was too distracted by sales signs placed in the aisle to notice an empty pallet on the floor behind her as she stepped backwards. *See Graham*, 2012 WL 1808952, at *5. Similarly, in *Rogers v. Max Azen, Inc.*, the Supreme Court of Pennsylvania reversed a judgment in favor of a plaintiff who was injured after tripping over a support banister for a staircase. 16 A.2d 529, 531 (Pa. 1940). The court noted that although a "less[er] degree of attention in the placement of the feet is required of customers in stores who 'walk along the aisles where goods are displayed . . . for the very purpose of catching the eye and attracting the attention of those who use the passageways'," than those who walk along sidewalks, the general rule still applies that "where one is injured as the result of a failure on his part to observe and avoid an obvious condition which ordinary care for his own safety would have disclosed, he will not be heard to complain." *Id.* at 531.

Here, the substance posed an "obvious" condition and its danger would have been readily apparent to a reasonable person "exercising normal perception, intelligence, and

judgment." *See Carrender*, 469 A.2d at 123–24. Thomas would have easily avoided the "thick, yellow substance" if she had been exercising reasonable care and paying attention to where she was walking.[1] Thomas provides no evidence that the substance was obstructed from view and admits that she had her eyes "trained on the merchandise" rather than on her surroundings. (*See* Pl.'s Mem. Law in Opp'n 7.)

Therefore, Family Dollar owed Thomas no duty and is not liable for her injuries. *See Carrender*, 469 A.2d at 123. Thus, because no duty existed, Thomas cannot establish a negligence claim and Family Dollar is entitled to summary judgment.

## B. Thomas Cannot Prove that Family Dollar Had Requisite Notice of the Hazardous Condition

Though we find that Thomas cannot establish a negligence claim because Family Dollar owed her no duty of care, her claim also fails because she cannot prove that Family Dollar had adequate notice of the condition to breach a duty of care. *See Farabaugh*, 911 A.2d at 1272–73 (defining breach as a necessary element of personal injury claims). In order to show that a defendant breached its duty of care to keep its premises free from hazardous conditions, an "invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." *Pace v. Wal-Mart Stores E., LP*, No. 17-1829, 2018 WL 4468100, at *4 (E.D. Pa. Sept. 18, 2018) (quoting *Hower v. Wal-Mart Stores, Inc.*, No. 08-1736, 2009 WL 1688474, at *3 (E.D. Pa. June 16, 2009)).

Thomas makes no assertion that Family Dollar either created the harmful condition or had actual notice of the spill. Instead, she argues Family Dollar was negligent in allowing the

---

[1] It is unclear from the record whether Thomas encountered the spill while walking down the aisle or after she turned the corner. To the extent Thomas argues that she was rounding the corner and could not have seen the substance until it was too late, that argument fails as well. "A grocery store, with its aisles bordered by high shelves stacked with merchandise, naturally presents the danger of a large blind spot as customers exit an aisle. . . . The likelihood of danger further increases when a customer rounds the corner of an aisle directly toward the end of the adjacent aisle . . . ." *Campisi*, 915 A.2d at 121 ("[W]e would consider a *customer's* duty of ordinary care to include looking for obstacles before exiting an aisle.").

condition to exist due to a lack of "any policies, procedures or training . . . in place for maintenance and safety in [its] stores." (Pl.'s Mem. Law in Opp'n 9 (citing Ex. A, Deposition of Jane Somers ("Somers Dep.")).) "Constructive notice requires proof that the condition had been present long enough that, in the exercise of reasonable care, the defendant should have known its presence." *Hower*, 2009 WL 1688474, at *3 (quoting *Scruggs v. Retail Ventures, Inc.*, No. 06-1148, 2008 WL 2687147, at *5 (W.D. Pa. July 8, 2008)). According to Thomas, Family Dollar failed to exercise reasonable care by not inspecting the premises or having adequate safety policies. (*See* Pl.'s Mem. Law in Opp'n 9.)

However, Thomas' argument is insufficient to establish Family Dollar had constructive notice of the spill. Under Pennsylvania law, a plaintiff is "consistently required . . . 'to provide some proof as to the length of time a spill existed on the floor to establish constructive notice.'" *Hower*, 2009 WL 1688474, at *3 (quoting *Cox v. Wal-Mart Stores E., L.P.*, No. 07-2391, 2008 WL 4072804, at *4 (E.D. Pa. Aug. 26, 2008)).

> The duration of the hazard is important because if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even "by the exercise of reasonable care," would not discover the hazard, and thus would owe no duty to protect invitees from such a hazard.

*Id.* (quoting *Craig v. Franklin Mills Assocs.*, 555 F. Supp. 2d 547, 550 (E.D. Pa. 2008)).

First, Thomas does not provide any evidence pertaining to how long the spill was on the floor.[2] (*See* Compl. ¶¶ 1–5; Pl.'s Mem. Law in Opp'n 7–9.) Second, Thomas attempts to prove

---

[2] The only claim made that is relevant to the duration of the hazardous condition is found in Thomas' deposition, where she states that the spill had "a brown ring around it," apparently indicating to her that it had been there for an extended period of time. (Thomas Dep., 31:2–8.) Notably, this allegation was not cited in her briefing. However, mere allegations or vague statements, such as this, cannot be used to survive a motion of summary judgment. *See Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, AFL-CIO*, 982 F.2d 884, 890–91 (3d Cir. 1992) (quoting *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992); *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d. Cir. 1991)).

Furthermore, in *Saldana v. Kmart Corp.*, the United States Court of Appeals for the Third Circuit ("Third Circuit") rejected testimony pertaining to an accumulation of dust on a puddle as evidence proving a spill had been

constructive notice by arguing that a lack of training or inspection routine was proof of negligence by Family Dollar. (*See* Pl.'s Mem. Law in Opp'n 9.) However, the lynchpin of this argument, that Jane Somers ("Somers"), a Family Dollar Representative, could "offer no insight" into the procedures or training Family Dollar has for dealing with spills is undercut by Somers' actual deposition testimony, in which she explains Family Dollar's exact procedures and training for handling such situations. (*Compare* Pl.'s Mem. Law in Opp'n 9, *with* Somers Dep., 16:17–17:3, 18:1–11, 18:18–20:11, 44:18–46:4, 46:22–47:13.) Thomas' argument incorrectly implies that a "lack of evidence" that Family Dollar inspected the aisle is proof that Family dollar did not inspect the aisle. *See Hower*, 2009 WL 1688474, at *6 (rejecting similar argument as conjecture).

More importantly, Thomas "conflates evidence of [Family Dollar's] inspection practices with evidence of the duration of the spill. [Family Dollar's] alleged failure to perform a safety sweep says nothing about how long the spill was present." *See id.* Though perhaps not a "bright-line rule," without any evidence regarding the length of time the spill existed, it is immaterial when Family Dollar conducted an inspection because a "[d]efendant cannot be liable for negligence by failing to identify and clean up a spill only a short time after its occurrence." *See id.*; *see also Pace*, 2018 WL 4468100, at *4 ("Plaintiff lacks any evidence of how long the grape(s) were on the floor, effectively foreclosing any argument that the store had constructive notice."); *Kujawski v. Wal-Mart Stores, Inc.*, No. 06-4120, 2007 WL 2791838, at *3 (E.D. Pa. Sept. 25, 2007) (granting summary judgment despite a lack of evidence regarding the last time a

_____

present for a particular length of time. 260 F.3d 228, 234 (3d Cir. 2001). In reaching this conclusion, the Third Circuit noted, in part, that no additional evidence was provided that explained how much dust had accumulated or how long it would have taken for it to occur. *See id.* Likewise, Thomas provides no evidence in this case that demonstrates the size of the brown ring around the thick, yellow substance or how much time would be required for it to develop. Therefore, we cannot consider Thomas' testimony to construe any assertion of the duration of the spill.

safety sweep was conducted because there was no evidence pertaining to how long the spill was on the floor).

Based on the evidence, there is no genuine dispute of material fact, and no reasonable jury could find, that Family Dollar had constructive notice of the spill prior to Thomas' fall. Without notice, Family Dollar could not have breached a duty of care to Thomas. Therefore, Thomas' personal injury claim cannot survive Family Dollar's summary judgment motion.

## IV.     **<u>CONCLUSION</u>**

Based on the foregoing reasons, Family Dollar's Motion for Summary Judgment is granted.

An appropriate Order follows.